**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-4699
_____

TEDDY ZASHYKIN ABREU-MEJIA,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A055 002 656
Immigration Judge:  Andrew R. Arthur

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 6, 2010

Before: BARRY, AMBRO and COWEN , Circuit Judges

(filed: August 9, 2010 )

_____

OPINION
_____

PER CURIAM

    Teddy Abreu-Mejia petitions for review of an order of the Board of Immigration

Appeals ("BIA"), which dismissed his appeal from the final removal order of an

Immigration Judge ("IJ").  We will deny the petition for review.

Although Abreu is a native and citizen of the Dominican Republic, he claims that he derived United States citizenship through his U.S.-citizen father.  Abreu filed a Form N-600, Application for a Certificate of Citizenship, with the United States Citizenship and Immigration Services ("USCIS").  The USCIS denied Abreu's application on March 10, 2009, and on July 17, 2009, the Administrative Appeals Office ("AAO") affirmed the denial.[1]  On April 21, 2009, the Department of Homeland Security ("DHS") charged Abreu with being removable due to a number of criminal convictions.  Following a hearing, an IJ found that Abreu was not a U.S. citizen, and that he was removable as charged.  The BIA dismissed the appeal, rejecting Abreu's argument that the IJ should have terminated proceedings to allow him to pursue his citizenship claim.  The BIA also agreed that Abreu failed to establish that he derived citizenship through his father.  Abreu similarly argues before this Court that the IJ should have terminated his removal

---

[1] Abreu attempted to file a petition for review of that decision in this Court.  By order dated November 30, 2009, we informed Abreu that we lacked jurisdiction to consider the denial of his application for derivative citizenship outside of the context of a petition for review of a final removal order.  Abreu v. Att'y Gen., C.A. No. 09-3299.  As the BIA had not yet issued its decision, we dismissed Abreu's case for lack of jurisdiction, and informed him that he might be able to obtain review of his claim by filing a declaratory judgment action in the district court.  Id.  Abreu filed an action in the United States District Court for the Middle District of Pennsylvania, on November 23, 2009, seeking a declaration that he is a United States citizen.  On May 3, 2010, that court, referencing the instant case, granted the Government's motion to stay the proceedings, as it appeared that Abreu was "presently litigating this issue in the context of a petition for review" of the BIA's decision.  Abreu v. Department of Homeland Security, M.D. Pa. Civ. No. 10-CV-0160 (May 3, 2010).

proceedings to allow for a decision on his citizenship claim in the federal district court (and that we should order the proceedings terminated until the district court makes its decision), that the IJ violated his right to due process, and that the BIA erred in affirming the IJ's decision. Abreu also argues that the Government should be equitably estopped from denying him derivative citizenship.

## I.

We have jurisdiction pursuant to 8 U.S.C. § 1252 to review a final order of removal. Pursuant to § 1252(b)(5)(A), where a "petitioner claims to be a national of the United States and the court of appeals finds from the pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, the court shall decide the nationality claim."[2] Abreu was born on March 29, 1983 in the Dominican Republic. Abreu's citizenship claim is governed by section 320 of the Immigration and Nationality Act, as amended by the Child Citizenship Act of 2000, 8 U.S.C. § 1431.[3] Pursuant to that provision:

> a) A child born outside of the United States automatically becomes a citizen of the United States when all of the following conditions have been fulfilled:

[2] Once Abreu's petition for review was before this Court, the District Court properly refrained from deciding the citizenship issue, as a decision regarding nationality must be decided in this Court when properly presented in the context of a petition for review. 8 U.S.C. § 1252(b)(5)(A) & (C). Further, Abreu has not raised any genuine issue of material fact that would require us to transfer the matter to the District Court for a hearing. 8 U.S.C. § 1252(b)(5)(B).

[3] Pub. L. No. 106-395, § 103(a), 114 Sta. 1631, 1632.

(1) At least one parent of the child is a citizen of the United States, whether by birth or naturalization.

(2) The child is under the age of eighteen years.

(3) The child is residing in the United States in the legal and physical custody of the citizen parent pursuant to a lawful admission for permanent residence.

8 U.S.C. § 1431. Abreu's father became a naturalized United States citizen on April 23, 1997. His father filed a Petition for Alien Relative, Form I-130, on June 30, 1999 on Abreu's behalf. Abreu was admitted to the United States as a permanent resident on the basis of that petition on August 3, 2001, a little more than four months after his eighteenth birthday. Thus, Abreu was not "residing in the United States in the legal and physical custody of [his father] pursuant to a lawful admission for permanent resident" when he was "under the age of eighteen years." We thus agree with the BIA's affirmance of the IJ's finding that Abreu is not a United States citizen. We will briefly address the arguments raised in Abreu's brief.

II.

Abreu argues that the IJ should have terminated his proceeding so he could pursue his citizenship claim. However, as the BIA noted, an IJ "has limited authority" to terminate proceedings when an alien has a pending application or petition for naturalization. A.R. 2. The regulations provide for such termination where the alien has established prima facie eligibility for naturalization, and the BIA has held that prima facie eligibility is established by an affirmative communication from the DHS that the alien

4

would be eligible for naturalization but for the pending removal proceedings. In re Acosta Hidalgo, 24 I. & N. Dec. 103 (BIA 2007). Abreu did not produce an affirmative communication from the DHS; on the contrary, by the time removal proceedings had commenced, the USCIS had already denied his certificate application (and the AAO likewise denied Abreu's appeal several days prior to his first appearance before the IJ.) We agree with the BIA that the IJ did not abuse his discretion by failing to terminate the removal proceedings. Relatedly, Abreu argues that his due process rights were violated by the IJ's failure to terminate the proceedings. But in order to establish a due process violation, an alien must show that he was prejudiced. Khan v. Att'y Gen., 448 F.3d 226, 236 (3d Cir. 2006). Because Abreu is not eligible for derivative citizenship, he was not prejudiced by the IJ's decision to go forward with proceedings.

Abreu also argues that because of the unreasonable delay in the Government's processing of his father's I-130 petition, the Government should be equitably estopped from denying him derivative citizenship. To show that estoppel should be applied, Abreu "must establish (1) a misrepresentation; (2) upon which he reasonably relied; (3) to his detriment; and (4) affirmative misconduct." Mudric v. Att'y Gen., 469 F.3d 94, 99 (3d Cir. 2006). Abreu has not established these elements. Further, where an alien does not meet the statutory requirements for citizenship, a court does not have authority to confer citizenship through equitable means. I.N.S. v. Pangilinan, 486 U.S. 875, 885 (1988).

III.

Abreu is not eligible for derivative U.S. citizenship.  He is thus subject to removal. We will therefore deny the petition for review.